# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY, <br> as subrogee of Road Con Systems, Inc. <br> 777 San Marin Drive <br> Novato, California 94998 <br><br> Plaintiff, <br><br> v. <br><br> TREVEK ENTERPRISES, INC. <br> 197 E. Lake Boulevard <br> Mahopac, New York 10541 <br><br> and <br><br> KUSHNER COMPANIES, INC. <br> 18 Columbia Turnpike <br> Florham Park, New Jersey 07932 <br><br> Defendants. | Civil Action No. <br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Fireman's Fund Insurance Company, as subrogee of Road Con Systems, Inc., by and through its counsel, complaining of defendants, hereby asserts, upon information and belief, as follows:

## THE PARTIES

1.  Plaintiff, Fireman's Fund Insurance Company (hereinafter "Fireman's Fund"), is a corporation organized and existing under the laws of the California, with its principal place of business located at 777 San Marin Drive, Novato, California, and, at all times material hereto, was duly authorized to issue policies of insurance within the State of New Jersey. Fireman's Fund is a citizen of California.

2. Trevek Enterprises (hereinafter "Trevek"), is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 197 E. Lake Boulevard, New York 10541. Trevek is a citizen of New York.

3. Kushner Companies, Inc. (hereinafter "Kushner"), is a corporation organized and existing under the laws of the State of New Jersey, with its principal place of business at 18 Columbia Turnpike, Florham Park, New Jersey 07932. Kushner is a citizen of New Jersey.

## JURISDICTION

4. The jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1332 as this action is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as the events or omissions giving rise to the claims at issue occurred within the district and defendant is subject to personal jurisdiction within the district.

## FACTUAL ALLEGATIONS

6. At all times material hereto, plaintiff's insured, Road Con Systems (hereinafter "Road Con"), rented storage space from Defendant Kushner under a valid rental contract (hereinafter "the rental contract") at the location of 19-05 Nevins Road, Fair Lawn, New Jersey (hereinafter "the subject premises").

7. At all times material hereto, Road Con maintained insurance coverage with Fireman's Fund under policy number MX197242872, effective from March 1, 2003 through March 1, 2004 (hereinafter referred to as the "subject policy").

8.  Prior to August 5, 2003, Defendant Kushner entered into a contract with Defendant Trevek under which Trevek was to make roofing repairs at the subject premises (hereinafter "the roofing contract").

9.  During the course of the roofing repairs, on or about August 5, 2003, a catastrophic water leak occurred due to improper methods of repair and building protection of Trevek at the subject premises.

10. As a result of the leak, plaintiff's insured sustained extensive damage to the property it stored at the subject premises under the rental contract.

11. Pursuant to the terms and conditions of the subject policy, Fireman's Fund made payments in excess of Four Hundred Fifty Thousand Dollars for the damage and loss sustained, and is, therefore, entitled to recover that amount in this action pursuant to its rights of subrogation.

## COUNT I – NEGLIGENCE
### Fireman's Fund Insurance Company v. Trevek Enterprises, Inc.

12. Plaintiff incorporates by reference the allegations contained in paragraphs one (1) through twelve (12) above as though each were fully set forth at length herein.

13. The incident and resultant damages sustained by plaintiff's insured as referred to above were caused by the negligence, gross negligence, carelessness, recklessness, acts and/or omissions of Defendant Trevek in:

    (a)    improperly repairing and protecting the subject premises from water damage;

    (b)    failing to protect the interior of the subject premises from water seepage during the repairs;

    (c)    failing to notify plaintiff's insured of a problem that threatened the insured's property;

(d) permitting a dangerous and hazardous condition to exist even though defendant knew or should have know that such condition existed and posed a significant risk of harm to plaintiff's insured and its property;

(e) failing to hire proper and adequate employees;

(f) failing to perform its work at the subject premises in conformity with good practice, industry standards and due care;

(g) failing to properly warn plaintiff's insured of the dangerous premises which they knew, or should have known, existed and creating an unreasonable risk of harm to plaintiff's insured's property;

(h) failing to property and adequately train, supervise and/or inspect the work of its employees;

(i) failing to take actions and precautions which would have prevented the damage to the plaintiff's insured's property as described;

(j) causing or allowing the subject water leak to occur;

(k) failing to take all precautions necessary under the circumstances to safeguard the premises from the risk of water leakage;

(l) otherwise failing to use due care, as may be disclosed during the course of discovery.

14. As a direct and proximate result of the above-referenced negligence, carelessness, recklessness and/or gross negligence of all defendants, the subject water leak occurred and resulted in severe and extensive damage and destruction to plaintiff's insured's property in an amount in excess of Four Hundred Fifty Thousand Dollars.

15. In accordance with the common law principles of legal and equitable subrogation, plaintiff is subrogated to the rights of its insured with respect to the damages compensable under the subject policy of insurance.

WHEREFORE, Fireman's Fund demands judgment in its favor against all defendants in an amount in excess of Four Hundred Fifty Thousand Dollars together with interest and the costs of this action.

## COUNT II – BREACH OF CONTRACT/WARRANTY
### Fireman's Fund Insurance Company v. Trevek Enterprises, Inc.

16. Plaintiff incorporates by reference the allegations contained in paragraphs one (1) through sixteen (16) above as though each were fully set forth at length herein.

17. Prior to August 5, 2003, Defendant Trevek entered into the roofing contract with Defendant Kushner under which Kushner was to repair the roof at the subject premises.

18. In agreeing to repair the roof for Kushner at the subject premises, Trevek became contractually obligated to ensure, and impliedly warranted, that the work would be done in a safe and workmanlike manner.

19. Trevek breached its express and/or implied warranties, and therefore the roofing contract, to ensure that the work was done in a safe and workmanlike manner, when it failed to exercise reasonable care in replacing the roof of the subject premises.

20. Road Con, as a leasee of space at the subject premises, was a third-party beneficiary to the roofing contract.

21. Defendant Trevek breached its contractual obligations by failing to keep the subject premises safe as required in the conditions of the roofing contract.

22. By reason of the aforesaid breach of contract and breach of warranty by Defendant Trevek, the subject water leak and consequent damages described above occurred, causing severe and extensive damage and destruction to the property of plaintiff's insured, a third-party beneficiary to the roofing contract, in an amount in excess of Four Hundred Fifty Thousand Dollars, for which it was fully reimbursed by the plaintiff.

23. In accordance with the common law principles of legal and equitable subrogation, plaintiff is subrogated to the rights of its insured with respect to the damages compensable under the subject policies of insurance.

24.     WHEREFORE, Fireman's Fund demands judgment in its favor against all defendants in an amount in excess of Four Hundred Fifty Thousand Dollars together with interest and the costs of this action.

## COUNT III – NEGLIGENCE
### Fireman's Fund Insurance Company v. Kushner Companies, Inc.

25.     Plaintiff incorporates by reference the allegations contained in paragraphs one (1) through twenty-five (25) above as though each were fully set forth at length herein.

26.     The incident and resultant damages sustained by plaintiff's insured as referred to above were caused by the negligence, gross negligence, carelessness, recklessness, acts and/or omissions of Defendant Kushner in:

(a)     failing to protect the interior of the subject premises from water seepage during the repairs;

(b)     failing to notify plaintiff's insured of a problem that threatened the insured's property;

(c)     permitting a dangerous and hazardous condition to exist even though defendant knew or should have know that such condition existed and posed a significant risk of harm to plaintiff's insured and its property;

(d)     failing to hire proper and adequate employees, agents and/or contractors;

(e)     failing to properly warn plaintiff's insured of the dangerous premises which they knew, or should have known, existed and creating an unreasonable risk of harm to plaintiff's insured's property;

(f)     failing to take actions and precautions which would have prevented the damage to the plaintiff's insured's property as described;

(g)     causing or allowing the subject water leak to occur;

(h)     failing to take all precautions necessary under the circumstances to safeguard the premises from the risk of water leakage;

(i) otherwise failing to use due care, as may be disclosed during the course of discovery.

27. As a direct and proximate result of the above-referenced negligence, carelessness, recklessness and/or gross negligence of all defendants, the subject water leak occurred and resulted in severe and extensive damage and destruction to plaintiff's insured's property in an amount in excess of Four Hundred Fifty Thousand Dollars, for which it was fully reimbursed by the plaintiff.

28. In accordance with the common law principles of legal and equitable subrogation, plaintiff is subrogated to the rights of its insured with respect to the damages compensable under the subject policies of insurance.

WHEREFORE, Fireman's Fund demands judgment in its favor against all defendants in an amount in excess of Four Hundred Fifty Thousand Dollars together with interest and the costs of this action.

## COUNT IV – BREACH OF CONTRACT/WARRANTY
### Fireman's Fund Insurance Company v. Kushner Companies, Inc.

29. Plaintiff incorporates by reference the allegations contained in paragraphs one (1) through twenty-nine (29) above as though each were fully set forth at length herein.

30. Prior to August 5, 2003, plaintiff's insured, Road Con, entered into the rental contract with defendant, Kushner, under which Road Con was to rent storage space from Kushner at the subject premises.

31. In agreeing to rent storage space to Road Con at the subject premises, Kushner became contractually obligated to ensure, and impliedly warranted, that Road Con's property would be protected from damage and destruction while stored at the subject premises under the rental contract.

32. Kushner breached its express and/or implied warranties, and therefore its contract, to ensure that Road Con's property would be protected from damage and destruction while stored at the subject premises under the rental contract, when it allowed such damage and destruction to occur.

33. As a direct and proximate result of the foregoing breaches of contract and breaches of warranty, water leakage damage occurred and Road Con sustained severe and extensive damage to its real and personal property in excess of Four Hundred Fifty Thousand Dollars together with interest and the costs of this action, for which it was fully reimbursed by the plaintiff.

34. In accordance with the common law principles of legal and equitable subrogation, plaintiff is subrogated to the rights of its insured with respect to the damages compensable under the subject policy of insurance.

WHEREFORE, plaintiff, Fireman's Fund, demands judgment in its favor and against all defendants for damages together with interest, costs of this action and such other and further relief as this Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury of the within matter.

Respectfully submitted,

COZEN O'CONNOR

By: /s/ Mark Opalisky
Mark E. Opalisky, Esquire (41618)
Cozen O'Connor
1900 Market St.
Philadelphia, PA 19103
215-665-2729
mopalisky@cozen.com

Dated: